NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN M. BANDA, JR., | : | Civil Action No. 05-3183 (JAG) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> JOHN M. BANDA, JR.
> Special Treatment Unit Annex
> 8 Production Way
> P.O. Box 905
> Avenel, New Jersey  07001

**GREENAWAY, JR.**, District Judge

John M. Banda, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment entered on July 20, 2004, of the Superior Court of New Jersey, Essex County, of involuntary civil commitment as a sexually violent predator ("SVP") by the State of New Jersey.  Having thoroughly examined Petitioner's grounds for relief and supporting factual assertions and exhibits, the Court summarily dismisses the Petition without prejudice for failure to exhaust state court remedies and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254.

## I.  BACKGROUND

John A. Banda, Jr., challenges a judgment issued on July 20, 2004, by the Superior Court of New Jersey, Essex County, of involuntary civil commitment at the Special Treatment Unit Annex as a sexually violent predator ("SVP"), pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. § 30:4-27.24, et seq.[1]  Petitioner asserts that he filed a notice of appeal in the Superior Court of New Jersey, Appellate Division, on or about July 22, 2004, and that the appeal was pending before the Appellate Division at the time he executed the Petition on June 17, 2005.  Petitioner further asserts that he has been confined as a SVP since January 30, 2004.  He challenges the order of civil commitment on four grounds:  his civil commitment as a SVP was unconstitutional because he has not been convicted of a sex offense; the court improperly used charges that were dismissed to find that he was a SVP; the court improperly used evidence that was obtained in violation of his Fourth Amendment rights; and the court improperly considered hearsay for the truth of the matter and thereby denied Petitioner his right to confrontation.

Attached to the Petition are copies of numerous documents, including a Notice of Appeal to the Superior Court of New Jersey, Appellate Division, dated July 21, 2004, challenging a judgment entered in the Superior Court of New Jersey, Essex County, on July 20, 2004, civilly committing Petitioner for one year as a SVP, pursuant to N.J. STAT. ANN. § 30:4-27.24 et seq.

---

[1] The SVPA, enacted in 1998 and effective August 12, 1999, permits the involuntary civil commitment of a "sexually violent predator" to a separate and secure facility for control, care and treatment.  N.J. STAT. ANN. § 30:4-27.24, et seq.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.

## III.  DISCUSSION

A district court has subject matter jurisdiction to entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2254(a) which grants the district court subject matter jurisdiction to entertain a habeas corpus petition by a person in custody, pursuant to the judgment of a State court on the ground that his custody, violates the federal Constitution, laws or treaties.  Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

3

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254 further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  The

statutory scheme under the AEDPA "reinforces the importance of <u>Lundy's</u> 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" <u>Rhines</u>, 125 S.Ct. at 1534 (quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the state's highest court.  See <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); <u>Castille v. Peoples</u>, 489 U.S. 346, 350-51 (1989); <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Picard</u>, 404 U.S. at 275; <u>United States ex rel. Kennedy v. Tyler</u>, 269 U.S. 13, 17 (1925); <u>Burkett v. Love</u>, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  <u>O'Sullivan</u>, 526 U.S. at 845; <u>see also</u> <u>Baldwin</u>, 541 U.S. at 29.  To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Law Division, the Appellate Division, and in a petition for certification filed in the New Jersey Supreme Court.  See <u>Toulson</u>, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," <u>McCandless v. Vaughn</u>, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (quoting <u>Picard</u>, 404 U.S. at 276-277).

5

The habeas petitioner carries the burden of proving total exhaustion. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." Lambert, 134 F.3d at 513-14.

In this case, the face of the Petition indicates that Petitioner's appeal is pending before the Appellate Division of the Superior Court of New Jersey. Thus, assuming that the Appellate Division has yet to rule on Petitioner's appeal, that court has not had an opportunity to consider his claims. Even if the Appellate Division has by this point rejected Petitioner's appeal, his claims are not exhausted because Petitioner has not presented them to the New Jersey Supreme Court. Thus, Petitioner has not exhausted his claims before all three levels of the New Jersey courts. Unless exhaustion is excused or the Petition does not raise even a colorable federal claim, § 2254 imposes a duty on this Court to dismiss the Petition without prejudice as unexhausted. Lambert at 515; 28 U.S.C. § 2254(b)(1).

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted. "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted." Toulson, 987 F.2d at 987; accord Coleman v. Thompson,

501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[2]  "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254

---

[2] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. CT. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. However, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation, the Third Circuit reversed and remanded.[3] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted where a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by N.J.CT.R. 3:22-4. Under those circumstances, exhaustion was excused. However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claim. Cabrera, 175 F.3d at 312-314.

---

[3] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 609 A.2d 1280, 1281 (N.J. 1992); State v. Mitchell, 601 A.2d 198 (N.J. 1992); State v. Johns, 270 A.2d 59, 60 (N.J. Super. App. Div. 1970).

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims. Applying Toulson and Cabrera, this Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed." Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

C.  Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

9

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, at lease a question exists as to whether the petitioner has stated a colorable federal claim. See e.g., Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that statute authorizing forcible civil confinement of sexually violent predator which requires evidence of past sexually violent offense and a present mental condition that creates a likelihood of such conduct in the future if the person is not incapacitated satisfies due process). Thus, the Court may not reach and dismiss the Petition on the merits pursuant to § 2254(b)(2). Lambert, 134 F.3d at 515.

This Court is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies, because Petitioner has not exhausted any of the grounds which he presents under § 2254; New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights; and the Petition raises at least one colorable federal claim.  See 28 U.S.C. § 2254(b) and (c).[4]

D.  Certificate of Appealability

Based on this Court's view that jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000); Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

Based on the foregoing, this Court dismisses the Petition without prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED: September 27, 2005

---

[4] If Petitioner wants this Court to consider his federal grounds, he will have to present them to all three levels of the New Jersey courts.  After doing so and subject to the one year statute of limitations under 28 U.S.C. § 2244(d), he may present them to this Court in a § 2254 petition.