NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN M. BANDA, JR., | : | Civil Action No. 05-3183 (JAG) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    JOHN M. BANDA, JR.
    Special Treatment Unit Annex
    8 Production Way
    P.O. Box 905
    Avenel, New Jersey  07001

**GREENAWAY, JR.**, District Judge

On June 22, 2005, John M. Banda, Jr., filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254(a), challenging a judgment entered on July 20, 2004, of the Superior Court of New Jersey, Essex County, of involuntary civil commitment as a sexually violent predator.  In an Order and Opinion filed September 30, 2005, this Court summarily dismissed the Petition without prejudice for failure to exhaust state court remedies and declined to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254.  The Clerk closed the file. Presently before this Court is Petitioner's "Motion for Extension of Time to Re-Submit Writ for Habeas Corpus," dated August 31, 2006.  This Court will direct the Clerk to re-open the file in

order to entertain Petitioner's motion and, for the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion and direct the Clerk to re-close the file.

## I. BACKGROUND

In the § 2254 Petition filed on June 17, 2005, Petitioner challenged a judgment issued on July 20, 2004, by the Superior Court of New Jersey, Essex County, of involuntary civil commitment at the Special Treatment Unit Annex as a sexually violent predator, pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. STAT. ANN. § 30:4-27.24, et seq.[1]  Petitioner asserted in the Petition that he filed a notice of appeal in the Superior Court of New Jersey, Appellate Division, on or about July 22, 2004, and that the appeal was pending before the Appellate Division at the time he executed the Petition on June 17, 2005.  In an Order and Opinion entered September 30, 2005, this Court summarily dismissed the Petition without prejudice on the ground that Petitioner failed to exhaust his federal claims before the Superior Court of New Jersey, Appellate Division, and before the New Jersey Supreme Court.  See 28 U.S.C. § 2254(b), (c).  This Court also denied a certificate of appealability.  See 28 U.S.C. § 2253(c).  The Clerk closed the file on September 30, 2005.

On August 31, 2006, Petitioner executed the "Motion for Extension of Time to Re-Submit Writ for Habeas Corpus," which the Clerk received on September 5, 2006.  Petitioner asserts in the Motion that the Superior Court of New Jersey, Appellate Division, has scheduled oral argument on his appeal for September 13, 2006.  Petitioner alleges: "It is to this pro se

---

[1] The SVPA, enacted in 1998 and effective August 12, 1999, permits the involuntary civil commitment of a "sexually violent predator" to a separate and secure facility for control, care, and treatment.  N.J. Stat. Ann. § 30:4-27.24, et seq.

petitioner's understanding that he has one year from prior opinion given on 09/27/05, to re-submit petition of writ for habeas corpus." (Motion ¶ 4.) Petitioner asks this Court to enter an order extending the time to re-submit a petition for a Writ of Habeas Corpus for six to 12 months. Attached to the Motion is a copy of a notice issued by the Superior Court of New Jersey, Appellate Division, in the matter entitled In the matter of civil commitment of JMB SVP-358-04, Docket No. A-006458-03T2 notice (Super. Ct. of N.J., App. Div. Aug. 7, 2006). The notice advises Petitioner and the Attorney General for the State of New Jersey that the matter is scheduled for argument before the Appellate Division on September 13, 2006.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

3

      diligence . . . .

28 U.S.C. § 2244(d)(1).

      The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).[2] The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

      Petitioner bases his motion to an extension of six to 12 months on his understanding that he has "one year from prior opinion, given on 09/27/05, to re-submit petition of writ for habeas corpus." (Motion ¶ 4.) However, Petitioner's understanding as to when the limitations period begins to run is incorrect. As previously stated, the 365-day limitations period generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the statute of limitations has not yet begun to run, insofar as neither the Appellate Division of the Superior Court of New Jersey nor the New Jersey Supreme Court has considered Petitioner's federal

---

[2] "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000)

claims.  See Long v. Wilson, 393 F.3d 390, 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  Accordingly, this Court will deny Petitioner's motion to extend the time and will direct the Clerk to re-close the file.

### III.  CONCLUSION

Based on the foregoing, this Court shall deny Petitioner's Motion to extend the time to re-submit a petition.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


DATED: October 4, 2006